# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**RICHARD WARD,**

                **Petitioner,**

   **v.**

**EMMA COLLINS, Warden, Pickaway Correctional Institution,**

                **Respondent.**

**Case No. 2:21-cv-5040**
**Judge SARAH D. MORRISON**
**Magistrate Judge Elizabeth A. Preston Deavers**

## REPORT AND RECOMMENDATION

Petitioner Richard Ward seeks a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1.)  Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."  If it does so appear, the petition must be dismissed.  (*Id.*)  Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain "factual allegations that are palpably incredible or false."  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  Here, for the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, as this action is barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d).  The Undersigned therefore **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED WITH PREJUDICE**.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ohio's Tenth District Court of Appeals summarized the procedural history of this case as follows:

> {¶ 2} In February 2018, the Franklin County Grand Jury indicted Ward on one count of felonious assault in violation of R.C. 2903.11, a second-degree felony, and one count of attempted murder in violation of R.C. 2923.02, a first-degree felony. Both counts had an attached repeat violent offender specification pursuant to R.C. 2941.149. Ward pleaded not guilty. In February 2019, the case proceeded to a jury trial as to the felonious assault and attempted murder charges, and a bench trial as to the repeat violent offender specifications. . . .

> {¶ 11} The jury found Ward not guilty on the attempted murder count, but guilty on the felonious assault count. The trial court found Ward guilty of the repeat violent offender specification as to the felonious assault count. The court sentenced Ward to eight years in prison for the felonious assault conviction, and six years in prison for the repeat violent offender specification, to be served consecutively.

> {¶ 12} Ward timely appeals.

*State v. Ward*, 10th Dist. Franklin No. 19AP-266, 2020-Ohio-465 (Feb. 11, 2020).  Ward raised five assignments of error on appeal, all of which were overruled.  *Id*. at ¶ 39.

Petitioner appealed to the Supreme Court of Ohio, which declined to accept jurisdiction on June 17, 2020.  *State v. Ward*, No. 2020-0440, 159 Ohio St. 3d 1413, 2020-Ohio-3275.  Petitioner did not file a timely postconviction petition in the Franklin County, Ohio, Court of Common Pleas.[1]  On September 13, 2020, Petitioner executed the instant Petition, which the Court received October 14, 2021.  (ECF No. 1 at PageID # 16.)

---

[1] Petitioner indicates that he will be filing a postconviction petition claiming ineffective assistance of trial counsel after this Petition is filed (Petition, ECF No. 1 at PageID # 14.) However, any such petition must be filed within 365 days of the record being transmitted to the Court of Appeals.  Ohio Rev. Code § 2953.21(A)(2).  The corrected record was transmitted on August 16, 2019, rendering any petition untimely.
https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?LwgATZIxinqNlSObf3W4 (last accessed Oct. 15, 2021.)

## II.      STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

The statute of limitations began to run on June 17, 2020, when the Supreme Court of Ohio declined jurisdiction. The statute of limitations expired one year later, on June 17, 2021. Petitioner then waited almost three months to execute this habeas corpus Petition. Thus, AEDPA's statute of limitations had expired when this action began. Further, Petitioner does not allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. In order to obtain equitable tolling of the statute of limitations, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

3

way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Accordingly, Petitioner's claims are barred by the statute of limitations.

## III.    RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED WITH PREJUDICE** as time-barred.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: October 15, 2021                      /s/ *Elizabeth A. Preston Deavers*
                                            ELIZABETH A. PRESTON DEAVERS
                                            UNITED STATES MAGISTRATE JUDGE