IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

RICHARD WARD,

        Petitioner,      :    Case No. 2:21-cv-5040

- vs -                        District Judge Sarah D. Morrison
                                     Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,

                                                       :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Richard Ward under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Stay or to Dismiss without Prejudice (ECF No. 14).  Respondent opposes the Motion to Stay, but not the Motion to Dismiss (ECF No. 15).  The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 16).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005).  However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for

1

> that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*. It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back. The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F.3d 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

Petitioner reads Respondent's Answer as conceding that Ward's First Ground for Relief is ripe for federal adjudication, but that his Grounds Two, Three, Four, and Five are procedurally defaulted for failure to fairly present them to the Ohio courts (Motion, ECF No. 14, PageID 698).

At this point in time, it would be speculation for this Court to guess at how long it would take for Ward to exhaust state court remedies on his Second, Third, Fourth, and Fifth Grounds for Relief since he has not yet filed in state court on those claims. Indeed, the Court would also have to speculate in which Ohio courts Ward would choose to file and whether those courts would have jurisdiction. In the meantime, the case would remain on our docket for reporting to the public on its age. Far better to accept the alternative, acceptable to both Petitioner and Respondent, to dismiss the case without prejudice rather than split eh adjudication by deciding the First Ground now and risking that a new petition would be barred as second or successive.

Accordingly, the Motion to Stay branch of the pending Motion is DENIED. However, the

Motion to Dismiss without prejudice is GRANTED.  Pursuant to Fed.R.Civ.P. 41, since the dismissal is unopposed, it may be entered by an assigned Magistrate Judge.  The Clerk is therefore ordered to enter judgment dismissing the Petition without prejudice.

November 10, 2022.

s/ *Michael R. Merz*  
United States Magistrate Judge